**Entered on Docket**
**September 04, 2015**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**Not Signed-See comments below**

_____
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re<br>N & H Investments LLC,<br>        Debtor.<br>_____<br>Mimi Nguyen, et al.,<br>        Plaintiffs,<br>        v.<br>Hung Nguyen, et al.,<br>        Defendants.<br>_____ | No. 15-51552<br><br>Chapter 11<br><br><br><br><br>Adv. Pro. No. 15-05058 |

**SECOND RECOMMENDATION OF BANKRUPTCY JUDGE REGARDING**

**MOTIONS TO WITHDRAW THE REFERENCE**

TO: THE HONORABLE HAYWOOD GILLIAM, UNITED STATES DISTRICT COURT JUDGE

1

N&H Investments, LLC, the debtor and debtor-in-possession ("N&H Investments" or the "Debtor") in that certain chapter 11 bankruptcy case styled *In re N&H Investments, LLC*, Bankr. Case No. 15-51552 (the "Chapter 11 Case"), currently pending in this court, and a party in those certain adversary proceedings styled *Hung Nguyen et al. v. John Till et al.*, Adv. Pro. No. 15-05050, and *Mimi Nguyen et al. v. Hung Nguyen et al*., Adv. Case No. 15-05058 (collectively, the "Adversary Proceedings"), which are also currently pending before this court, has filed a motion in each of the Adversary Proceedings asking the district court to withdraw the reference from the bankruptcy court on those matters (the "Motions to Withdraw Reference"). I filed a Report and Recommendation with respect to the Motions to Withdraw Reference on July 31, 2015, suggesting that it would serve the goal of judicial economy for the district court to delay any hearing on the Motions to Withdraw Reference until after my determination of a Motion to Dismiss Chapter 11 Case, set for hearing before me on August 24, 2015. The district court duly set the Motions to Withdraw Reference for hearing on October 1, 2015.

At the conclusion of the August 24, 2015 hearing on the Motion to Dismiss Case, I issued a lengthy oral ruling dismissing the Debtor's chapter 11 case as not having been filed or prosecuted in good faith. I took under submission the question of the appropriate disposition of the Adversary Proceedings in light of the dismissal of the underlying main case. Having considered the matter at some length, I convened a telephonic status conference on Monday, August 31, 2015 to inform the parties of my disposition of the Adversary Proceedings.

In brief, during the August 31, 2015 telephonic hearing, I informed the parties that since Federal Rule of Bankruptcy Procedure 5011(c) clearly provides that the filing of a motion for withdrawal of a proceeding shall not stay the administration of the case or any proceeding therein pending disposition of the motion to withdraw reference, except as

may be expressly stayed by order of the court[1], and since I had not even been requested to issue any such stay, there was no impediment to my disposition of the Adversary Proceedings in any appropriate manner. I further noted that the Adversary Proceedings that were the subjects of the Motions to Withdraw Reference were matters that had been removed from state court pursuant to 28 USC Section 1452 (Removal of claims related to bankruptcy cases), which permits removal to the district court (subject to automatic reference to this court) of claims or causes of action for which the district court would have jurisdiction under 28 USC Section 1334—including, as was alleged here, claims that were "related to" a chapter 11 bankruptcy case.[2] There being no other basis asserted for federal jurisdiction over the Adversary Proceedings other than an alleged relation to a pending chapter 11 bankruptcy case, there would be no continuing basis for jurisdiction by a federal court once the underlying bankruptcy case were dismissed. Accordingly, I decided that the only appropriate course of action would be to remand the Adversary Proceedings to state court, and I entered Orders Remanding Proceedings as to each of the Adversary Proceedings on September 1, 2015. I am entering an Order Dismissing Chapter 11 case concurrently with this Report and Recommendation.

In light of the foregoing, it is my belief that the Motions to Withdraw Reference of the Adversary Proceedings are moot, and my recommendation that said Motions be taken off calendar by the district court.

---

[1] FRBP 5011(c): Effect of Filing of Motion for Withdrawal or Abstention. The filing of a motion for withdrawal of a case or proceeding or for abstention pursuant to 28 U.S.C. §1334(c) shall not stay the administration of the case or any proceeding therein before the bankruptcy judge except that the bankruptcy judge may stay, on such terms and conditions as are proper, proceedings pending disposition of the motion. A motion for a stay ordinarily shall be presented first to the bankruptcy judge. A motion for a stay or relief from a stay filed in the district court shall state why it has not been presented to or obtained from the bankruptcy judge. Relief granted by the district judge shall be on such terms and conditions as the judge deems proper.

[2] See Hung Nguyen et al. v. John Till et al., Adv. Pro. No. 15-05050 at Docket Entry # 1; Mimi Nguyen et al. v. Hung Nguyen et al., Adv. Case No. 15-05058 at Docket Entry #1.

*END OF RECOMMENDATION*

**COURT SERVICE LIST**

All Parties